Matter of Brooks v Palmieri (2020 NY Slip Op 05665)





Matter of Brooks v Palmieri


2020 NY Slip Op 05665


Decided on October 9, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


894 CA 19-02265

[*1]IN THE MATTER OF RUSSELL E. BROOKS, II, PETITIONER-APPELLANT,
v
ROBERT M. PALMIERI, MAYOR OF CITY OF UTICA, AND CITY OF UTICA, RESPONDENTS-RESPONDENTS. 






ROEMER WALLENS GOLD & MINEAUX LLP, ALBANY (BENJAMIN D. HEFFLEY OF COUNSEL), FOR PETITIONER-APPELLANT. 
WILLIAM M. BORRILL, CORPORATION COUNSEL, UTICA (ARMOND J. FESTINE OF COUNSEL), FOR RESPONDENTS-RESPONDENTS. 


 Appeal from a judgment (denominated order) of the Supreme Court, Oneida County (Patrick F. MacRae, J.), entered May 23, 2019 in a CPLR article 78 proceeding. The judgment granted the motion of respondents to dismiss the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner, a former fire chief for respondent City of Utica, commenced this proceeding pursuant to CPLR article 78 seeking, inter alia, to annul a determination denying his application for line-of-duty sick leave pursuant to General Municipal Law § 92-d. Respondents moved to dismiss the petition on the ground that, inter alia, the proceeding is moot. Petitioner now appeals from a judgment granting the motion on that ground.
General Municipal Law § 92-d provides for sick leave benefits to certain employees with qualifying World Trade Center conditions, as defined by section two of the Retirement and Social Security Law (see General Municipal Law § 92-d [1]). After filing the petition in this case, however, petitioner reached the mandatory retirement age pursuant to Retirement and Social Security Law § 370 (b) and retired with the maximum amount of accrued sick leave. " 'It is a fundamental principle of our jurisprudence that the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal' " (Hughes v Gates , 217 AD2d 966, 967 [4th Dept 1995], quoting Matter of Hearst Corp. v Clyne , 50 NY2d 707, 713 [1980]). Under the circumstances here, Supreme Court properly dismissed the petition as moot. This proceeding is "not of the class that should be preserved as an exception to the mootness doctrine" (Hearst Corp. , 50 NY2d at 715).
Entered: October 9, 2020
Mark W. Bennett
Clerk of the Court